By the Court.—Curtis, J.
The case presented by the testimony of the plaintiff is one of gross imposition and fraud. He claims that his partner, the defendant Meserole, by falsely representing to him that their firm was insolvent, and about to be put in bankruptcy, and without giving him time to consult counsel, induced him to sign a dissolution of the co-partnership, and convey all the assets of the firm to him including a valuable lease, and that this was done for no other con *325 sideration than the inadequate one that Meserole would pay the debts of the firm. The plaintiff' also asks to have the articles of co-partnership reformed, alleging that by reason of the fraudulent acts of the defendant Meserole, they fail to embrace a part of the preliminary oral agreement between the parties.
The plaintiff, by his testimony, states that which, if true, appeals strongly for the interposition of a court of equity. But the judge before whom the cause was tried at the special term found, in substance, that the plaintiff’s charges of fraudulent motives and fraud on the part of the defendant Meserole, were groundless ; that there never was any oral agreement of co-partnership between the parties;that the articles of co-partnership fully expressed the intent and agreement of the parties ; and that there was no fraud on the defendant Meserole’s part in the preparation or execution of them.
He further found, that at the time of the dissolution, the co-partnership was insolvent, with liabilities to the extent of thirty-six thousand nine hundred and forty-three dollars and eighty-three cents over and above its assets, that the dissolution and transfer of plaintiff’s interest in the business, lease and other assets of the firm were drafted by an attorney employed by both parties, and in pursuance of the plaintiff’s written instructions to that effect, and that the defendant Meserole paid him a consideration of two thousand dollars.
The testimony of the plaintiff, as to the alleged fraudulent acts of his partner Meserole,is uncorroborated by other evidence, and a careful perusal discloses intrinsic difficulties and contradictions, especially in relation to the preparation of the written instructions to the attorney for the drafting of the instruments sought to be set aside. But a further examination of the voluminous case shows that plaintiff’s evidence is in conflict with that of' the defendant Meserole, and that of the attorney who prepared the instruments,and also with *326 that of the book-keeper, Sproull, and is also in some respects, contradicted by other witnesses. In addition to this, the documentary evidence sustains the defendants case.
Under these circumstances, it is not easy to see how the learned judge at special term, whose decision we are asked to review, could have arrived at any other conclusion than one in the defendant’s favor.
The plaintiff excepted to a ruling of the court sustaining an objection to his further examining the defendant Moore. The plaintiff had exercised his option to examine the defendant, pursuant to § 390 of the Code, before trial. His examination and cross-examination, taken on October 15, 16, 17, 19, 20, 21, and 26, immediately preceding the trial, was read in evidence at the trial by the plaintiff, who then called him, and identified certain papers, and then proceeded to examine him as to what was said by the defendant Meserole, the witness having already been examined by the plaintiff in respect to conversations with Meserole. This was objected to, and no reason or ground being assigned by the plaintiff for a departure from the ordinary course of the examination of witnesses, or anything presented by which the court could see any occasion or propriety for repeating or renewing the examination-in-chief, the objection was properly sustained. It was not claimed by the plaintiff that this defendant had not already been fully examined upon the issues in the action, nor was it even suggested that by inadvertence some questions were omitted (Clark v. Vorce, 15 Wend. 193).
Though § 392 of the Code provides that such examination may be read by either party at the trial, and does not add the words ‘ ‘ in lieu of his oral examination,” it by no means follows that the party reading the examination has the right to an oral examination as to the same subject-matter. Such a result is at variance with the theory of the Code which was adopted *327 by the legislature with the view of simplifying the practice and proceedings of the courts, and which is illy consonant with the idea that a plaintiff, after reading at the trial an examination of a defendant, the taking of which extended through a number of days, should then be at liberty to re-examine the witness orally as to the same subjects without showing any reason or excuse therefor.
There are other exceptions by the plaintiff taken at the trial, but none that call for a reversal of the judgment.
It is apparent that, as the plaintiff fails to establish his charges of fraud against the defendant Meserole, that the charges of fraudulently assisting him made by the plaintiff against the defendants Moore and Tauger, must fall. There is no evidence that implicates them in any fraudulent acts or designs.
The judgment appealed from should be affirmed with costs.
Monell, Ch. J., concurred.